[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 26, 2007
THOMAS K. KAHN
CLERK

No. 06-11414
Non-Argument Calendar

_____

D. C. Docket No. 05-00352-CR-T-23-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL ENRIQUE SINCLAIR CHRISTOPHER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 26, 2007)**

Before TJOFLAT, ANDERSON and CARNES, Circuit Judges.

PER CURIAM:

Miguel Enrique Sinclair Christopher appeals the 135-month sentence

imposed following his conviction for conspiracy to possess with intent to distribute cocaine while aboard a vessel subject to United States jurisdiction, 46 App. U.S.C. §§ 1903(a), (g), (j), 21 U.S.C. § 960(b)(1)(B)(ii), and possession with intent to distribute cocaine while aboard a vessel subject to United States jurisdiction, 46 App. U.S.C. §§ 1903(a), (g), 18 U.S.C. § 2, 21 U.S.C. § 960(b)(1)(B)(ii).

According to the presentence investigation report, officers of the United States Coast Guard arrested Christopher on a Colombian fishing vessel that was transporting over three tons of cocaine.

Christopher argues that he was entitled to a mitigating role reduction. Christopher asserts that he is less culpable than most other participants because this was his first drug trafficking trip, he was not involved in planning or funding the trip, did not know to whom the drugs were going, had no ownership interest, and was merely a crewman doing what he was told to do.

We review for clear error a district court's factual determination of a defendant's role in the offense. United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc).

A defendant who is "plainly among the least culpable of those involved in the conduct of a group," and who has a "lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others" is entitled to a

four-level reduction for his minimal role. U.S.S.G. § 3B1.2(a), comment. (n.4). A defendant "who is less culpable than most other participants, but whose role could not be described as minimal" is entitled to a two-level reduction for his minor role. U.S.S.G. § 3B1.2(b), comment. (n.5). The defendant bears the burden of proving a mitigating role in the offense by a preponderance of the evidence. De Varon, 175 F.3d at 939.

We have held that a district court's determination of the defendant's role in the offense should be guided by two principles. Id. at 940-45. First, "the district court must measure the defendant's role against the relevant conduct for which [he] has been held accountable." Id. at 940. "Where the relevant conduct attributed to a defendant is identical to [his] actual conduct, [he] cannot prove that [he] is entitled to a minor role adjustment simply by pointing to some broader criminal scheme in which [he] was a minor participant but for which [he] was not held accountable." Id. at 941. For example, "[w]hen a drug courier's relevant conduct is limited to [his] own act of importation, a district court may legitimately conclude that the courier played an important or essential role in the importation of those drugs." Id. at 942-43.

Second, the district court may compare the defendant's conduct to that of the other participants in the conduct for which the defendant was held accountable. Id.

3

at 944. But even if a defendant can show that his role was less than that of other participants, this "may not be dispositive of role in the offense, since it is possible that none are minor or minimal participants." Id. The final decision on the defendant's role in the offense "falls within the sound discretion of the trial court." Id. at 945. As a result, "it will be rare for an appellate court to conclude that the sentencing court's determination is clearly erroneous." Id.

The record supports the district court's findings that Christopher was not entitled to a minor or minimal role reduction. First, the conduct attributed to Christopher was identical to his actual conduct. Second, the district court did not clearly err in determining that Christopher was not substantially less culpable than the other crew members on the fishing vessel. While Christopher asserts that his role was less than that of others on the vessel, the evidence indicates that he had some role in transporting and concealing an extraordinarily large quantity of cocaine. The district court was entitled to conclude that Christopher's participation in this larger enterprise precluded a minor or minimal role adjustment. Even if he was less culpable than other crew members, this did not prevent the district court from finding that Christopher's role was not minor or minimal. See De Varon, 175 F.3d at 944. The district court therefore did not clearly err in denying Christopher a mitigating role reduction.

4

Christopher further argues that his sentence was procedurally unreasonable because the district court failed to consider any of the 18 U.S.C. § 3553(a) factors other than the guidelines range. He asserts that the district court should have considered his family and financial background, education and vocational level, and lack of criminal history, but instead sentenced him to the low end of the guideline range without any other consideration.

"After the district court has accurately calculated the Guideline range," we typically review the final sentence for reasonableness. United States v. Winingear, 422 F.3d 1241, 1244 (11th Cir. 2005). The government contends that this appeal should be reviewed for plain error because Christopher failed to object in the district court that his sentence was unreasonable. We need not decide the issue of which standard to apply because, as demonstrated below, his sentence was reasonable, and thus, was proper under either standard of review.

The factors that act as a guide in determining whether a sentence was reasonable are found in 18 U.S.C. § 3553(a). Id. at 1246. "These factors include the available sentences, the applicable Guideline range, the nature and circumstances of the offense, and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and provide the defendant with needed medical care." Id. Another

5

factor is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). A sentence within the guidelines range is neither per se reasonable, United States v. Talley, 431 F.3d 784, 786-88 (11th Cir. 2005), nor entitled to a presumption of reasonableness, United States v. Hunt, 459 F.3d 1180, 1185 (11th Cir. 2006).

"After Booker,[1] a sentence may be reviewed for procedural or substantive unreasonableness." Hunt, 459 F.3d at 1182 n.3 (footnote added). Christopher argues only that the sentence was procedurally unreasonable because the district court did not explicitly mention each § 3553(a) factor. "A sentence may be unreasonable if it is the product of a procedure that does not follow Booker's requirements, regardless of the actual sentence." Id.

Christopher's argument is without merit. "[W]hen the district court considers the factors of § 3553(a), it need not discuss each of them . . . an acknowledgment by the district court that it has considered the defendant's argument and the factors in § 3553(a) is sufficient." Talley, 431 F.3d at 786. The transcript of Christopher's sentencing hearing reflects that the district court properly considered the § 3553(a) factors. The district court informed Christopher

_____

[1] United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).

6

that it would consider the factors, solicited his position as to what might lead the court to impose a lesser sentence, and, after pronouncing sentence, stated that upon consideration of the factors, the sentence was reasonable and not greater than necessary. No recitation was required that the particular factual matters raised by Christopher had been considered. <u>Talley</u>, 431 F.3d at 786. There was no procedural fault in the sentencing.

Upon careful consideration of the briefs of the parties, and thorough review of the record, we find no reversible error. Accordingly, Christopher's sentence is

**AFFIRMED.**